UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                  :

JOYCE WASHINGTON,                        :

                          Plaintiff,      :             16 Civ. 6168 (PAE)

                                           :            OPINION & ORDER

              -v-                          :

BOROUGH OF MANHATTAN COMMUNITY        :
COLLEGE and DR. ANTONIO PEREZ, as President,            :

                             Defendants.     :
------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

        In this employment discrimination case, plaintiff Joyce Washington, a former Assistant Professor employed by defendant Borough of Manhattan Community College ("BMCC"), brings claims against BMCC and its president, Dr. Antonio Perez, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq.; the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-101 et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1211 et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

        On August 3, 2016, Washington filed her complaint. Dkt. 1. On November 16, 2016, BMCC and Perez filed a partial motion to dismiss (1) Washington's NYSHRL and NYCHRL claims against both defendants because she failed to file a notice of claim; and (2) Washington's Title VII, ADA, and ADEA claims against Perez because individually named defendants cannot be held liable under these statutes. Dkt. 14. On November 21, 2016, Washington filed a memorandum of law in partial opposition to the partial motion to dismiss. Dkt. 18. On

November 28, 2016, BMCC and Perez filed a reply memorandum of law in support of the partial motion to dismiss.  Dkt. 21.

For the reasons below, the Court dismisses (1) Washington's NYSHRL and NYCHRL claims in their entirety and (2) Washington's Title VII, ADA, and ADEA claims against Perez. Washington's claims against BMCC under Title VII, the ADA, and the ADEA will proceed.

## I.    Dismissal of NYSHRL and NYCHRL Claims

Washington cannot maintain her NYSHRL and NYCHRL claims because she has failed to comply with the notice of claim requirement of New York Education Law § 6224.

Section 6224 states, in relevant part, that a plaintiff may not bring a claim "involving a community college of the city university of New York" unless the plaintiff alleges in her complaint that she has given the city university notice of her demands and an opportunity to respond.  N.Y. Educ. L. § 6224(2).  Section 6224 "expressly incorporates the requirements of General Municipal Law §§ 50–e and 50–I," which include "[a] requirement of filing a notice of claim within 90 days as a condition precedent to bringing suit against a community college of the City University of New York (CUNY)."  *McKie v. LaGuardia Cmty. Coll./CUNY*, 85 A.D.3d 453, 454 (2011).

The notice of claim requirement requirement "applies to *all* claims."  *Id.* (emphasis in original).  Courts have held that a plaintiff who fails to file a timely notice of claim cannot maintain state and city law discrimination claims against a New York City community college. *See, e.g.*, *Goldstein v. Borough of Manhattan Cmty. Coll.*, No. 12 Civ. 08589 (CM), 2013 WL 3784146, at *4 (S.D.N.Y. July 18, 2013) ("[N]otice of claim requirements are applicable to discrimination claims."); *Siegel v. La Guardia Cmty. Coll.*, No. 5 Civ. 320 (SLT) (RER), 2006 WL 1084780, at *6 (E.D.N.Y. Apr. 25, 2006), *aff'd*, 249 F. App'x 850 (2d Cir. 2007) (under

Section 6224, "Plaintiff's failure to file a timely notice of claim requires dismissal of his NYSHRL claim").

Here, Washington does not dispute that she failed to file a notice of claim. *See* Dkt. 18 at 10. Instead, she argues that, under *Margerum v. City of Buffalo*, 24 N.Y.3d 721 (2015), the notice of claim requirement does not apply to her discrimination claims because they are based on human rights law. This argument is not persuasive. *Margerum* held only that the notice of claim requirements of General Municipal Law §§ 50-e and 50-i do not apply in "an action based on the Human Rights Law in a jurisdiction where General Municipal Law §§ 50-e and 50-i *provide the only notice of claim criteria*." *Id.* at 730 (emphasis added). *Margerum* did not involve a claim against an educational institution and, consequently, did not present a situation in which, as here, Section 6224 of the New York Education Law provided alternate notice of claim criteria. The other cases on which Washington relies—*Sebastian v. N.Y. City Health & Hosps. Corp.*, 221 A.D.2d 294 (1995); *Palmer v. City of N.Y.*, 215, A.D.2d 336 (1995); and *Picciano v. Nassau Cty. Civil Serv. Comm'n*, 290 A.D.2d 164 (2001)—are similarly distinguishable as not involving claims against educational institutions subject to the provisions of Section 6224. Washington therefore cites no authority establishing her release from her obligation to file a notice of claim.

Washington separately argues that, even if the notice of claim requirement does apply to her claims, this Court should grant her leave to file a late notice. This Court is not the proper forum for that request. Under New York General Municipal Law § 50-e(7), an application for the filing of a late notice of claim must be made in state court. N.Y. Gen. Mun. Law § 50-e(7). "Until the state legislature amends § 50–e(7) to include federal trial courts," this Court has "no choice but to dismiss for lack of jurisdiction [an] application to file a late notice of claim or to

have [a] notice of claim deemed timely filed." *Brown v. Metro. Transp. Auth.*, 717 F. Supp. 257, 260 (S.D.N.Y. 1989).

Washington can return to federal court with her NYCHRL and NYSHRL claims if she "has made application to the appropriate state court for leave to file a late notice of claim and that request has been granted and such a notice has been filed." *Id.* at 260–61. Accordingly, the Court dismisses her NYCHRL and NYSHRL claims without prejudice.

## II.     Dismissal of Title VII, ADA, and ADEA Claims Against Perez

Washington also cannot bring Title VII, ADA, and ADEA claims against Perez. Washington concedes that dismissal of these claims is warranted. Dkt. 18 at 5. Dismissal is proper because individual defendants cannot be held liable under these statutes. *See, e.g., Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) (no individual liability under Title VII); *Spiegel v. Schulmann*, 602 F.3d 72, 79 (2d Cir. 2010) (no individual liability under the ADA); *Wray v. Edward Blank Assocs.*, 924 F. Supp. 498, 504 (S.D.N.Y. 1996) (no individual liability under the ADEA). Accordingly, the Court grants defendants' motion to dismiss these claims. The Clerk of Court is respectfully directed to termination the motion pending at Dkt. 14.

Washington's Title VII, ADA, and ADEA claims against BMCC remain standing.


SO ORDERED.

Paul A. Engelmayer
United States District Judge


Dated: December 21, 2016
       New York, New York